# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.S., individually and as successor in interest to Yan Li, deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; DANIEL NICKEL; JASON BUNCH, JAVIER MEDINA; DAVID WILLIAMS; CITY OF SAN DIEGO; ROGELIO MEDINA and DOES 1-10, inclusive,<br><br>Defendants. | No. 23-cv-00459-AJB-BLM<br><br>**PROTECTIVE ORDER** |

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action contain sensitive and private information that is normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain protected, confidential, or private information, as is contemplated by

Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

DEFINITIONS

    1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

    2. The term "materials" will include, but is not be limited to: documents; correspondence; audio recordings; videos; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

GENERAL RULES

    3. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Any party may designate information or materials as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information or materials contain private, privileged or otherwise confidential information, which is not generally available to the public.

4. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings. A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraphs 5 and 6 below; and

    c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court (unless the Court orders otherwise).

5. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than persons designated or authorized pursuant to this Protective Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court. A party utilizing an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert at the time of the

agreed-upon date for the simultaneous expert exchange. The receiving party will obtain an executed copy of the form attached hereto as Exhibit A from the independent expert. The receiving party agrees to promptly produce a copy of the executed form attached hereto as Exhibit A to the producing party upon written request. Any objection by the producing party to an independent expert receiving confidential information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential information may be disclosed to an independent expert prior to the simultaneous designation of experts in order to allow the expert to make their opinions in this case. If the court rules that confidential information may be withheld from an independent expert, the independent expert must return the confidential information.

6. Information designated "CONFIDENTIAL" must be viewed only by counsel of the receiving party, the receiving party, by independent experts (pursuant to the terms of paragraph 5), by court personnel, and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed in writing to be bound by its terms:

   a. Executives who are required to participate in policy decisions with reference to this action;

   b. Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   c. Stenographic and clerical employees associated with the individuals identified above, including legal assistants.

7. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

8. All information that has been designated as "CONFIDENTIAL" by the producing or designating party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party until conclusion of the case,

except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies during the litigation as are necessary for their participation in this litigation.

9. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

10. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

11. No party will be responsible to another party for disclosure of confidential information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12. Pursuant to Federal Rule of Evidence, rule 502(d), the inadvertent production of documents and data pursuant to this Order shall not result in the waiver of an applicable privilege as to those documents and data. Also, the inadvertent production of privileged or protected documents or data under this Order shall not result in the waiver of the

applicable privilege as to those documents and data in any other Federal or State proceeding. Any privileged material inadvertently disclosed shall be and remain the property of the producing party and shall promptly be returned to the producing party upon written notice.

If a party determines that it has produced a document or data to which it wishes to assert a claim of privilege or protection, its counsel shall notify opposing counsel promptly of its claim. As part of the notification, the party's counsel shall identify, by Bates numbers, the documents as to which the party is asserting a claim of privilege or protection.

13. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected from disclosure on any ground, including privilege or as attorney work-product.

14. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

15. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or Federal Rules of Evidence.

16. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

17. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs,

memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work-product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

18. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order.

19. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

20. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Protective Order.

21. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the

Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party shall file a "public" version of any document that it seeks to file under seal where the document is able to be redacted. In the public version, the party may redact only that information that is deemed "Confidential." The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request. In the event that the producing party deems the entire document (including documents in electronic format) confidential the party may be unable to file any public version of the document. Where a party seeks to file information deemed confidential in support of or in opposition to any dispositive motion, the parties shall meet and confer in advance of the moving party's filing of any dispositive motion regarding a joint motion to file materials in support of or in opposition to any dispositive motion under seal.

23. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

24. The Court shall retain jurisdiction for a period of one (1) year after the conclusion of this action to enforce the terms of the Protective Order.

Dated: 10/30/2023

Hon. Barbara L. Major
United States Magistrate Judge

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name],** of _____ _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California in the case of *D.S. v. County of San Diego, et al.,* USDC No. 23-cv-00459-AJB-BLM, I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree that any information designated confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Order.  I further understand and agree that any summaries or other documents containing knowledge or information obtained from confidential documents or information furnished to me shall also be treated by me as confidential.  I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____